## Case No. 5,811.

### GRIFFENBERG v. The JOHN LAUGHLIN.

[2 Wkly. Notes Cas. 612.]

District Court, E. D. Pennsylvania.  May 13, 1876.

#### JURISDICTION IN ADMIRALTY — ACT OF ASSEMBLY OF 13TH JUNE, 1836, § 1 (P. L. 616; PURD. DIG. 94)—LIEN UPON VESSEL—MARITIME SUPPLIES.

1. Masts and spars furnished to a vessel while she is being built are not maritime supplies.

2. An admiralty court has no jurisdiction under the statute of the state (Act Pa. June 13, 1836, § 1), or otherwise, to enforce a lien against a vessel, where the demand is not distinctively for maritime supplies.

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[2] [From 1 N. B. R. 371 (Quarto, 83).]

This was a libel against the barkentine John Laughlin brought by one Griffenberg for masts and spars furnished by him to said vessel. The libelant claimed a lien under the act of assembly of Pennsylvania of June 13, 1836, § 1 (supra). The hull of the vessel was built and completed at Seaford, Del., and was then taken up to Philadelphia to be rigged. A contract was made with the libelant in Delaware to furnish the necessary masts and spars, etc., which were prepared and finished in Wilmington, and then towed up to Philadelphia to be fitted in the hull.

Mr. Coulston, for libelant, claimed that, under the case of The Lottawanna, 21 Wall. [88 U. S.] 558, a lien, existing under the state law for materials furnished in fitting out a vessel, could be enforced by proceedings in rem in admiralty.

Mr. Flanders, contra, contended that a court of admiralty had no jurisdiction to enforce such a lien, citing People's Ferry Co. v. Beers, 20 How. [61 U. S.] 393; Roach v. Chapman, 22 How. [63 U. S.] 129.

CADWALADER, District Judge. Whether there was a lien under the Pennsylvania statute is an immaterial question, because the demand is not for maritime supplies, and if it had been the place of supply would have been the home port of the vessel. The demand arose before she was equipped so as to be in a condition to receive "supplies" in the distinctive sense of that word. The libel is dismissed for want of jurisdiction, with costs.